UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AURELUIS LOWE, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-7442** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 8). For the following reasons, the Plaintiffs' motion is DENIED.

**I.  BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home, which suffered damage as a result of Hurricane Katrina. The Defendant in this case is State Farm Fire and Casualty Company ("State Farm"), the Plaintiffs' homeowners' insurance carrier. The Plaintiffs' policy has a coverage limit of $673,237 for dwelling. To date, State Farm has paid $368,311.13 under the policy.

In August of 2007, the Plaintiffs filed the present action in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. The Plaintiffs allege that they are entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for pain and anguish. The Plaintiffs' petition contains no stipulation limiting the amount in controversy.

State Farm removed this case to federal court on October 26, 2007, contending that this

1

Court has diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000. On February 19, 2008, the Plaintiffs filed the instant motion to remand, arguing that State Farm has failed to demonstrate that the amount in controversy exceeds $75,000.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiffs do not dispute that diversity of citizenship exists, however, they argue that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely

above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).  Here, the amount remaining under the policy exceeds $300,000.  In addition, the Plaintiffs also seek bad-faith penalties and damages for pain and anguish.  Accordingly, the Court finds that State Farm has demonstrated that the amount in controversy exceeds $75,000 and, therefore, that diversity jurisdiction exists in this case.

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand (Rec. Doc. 8) is DENIED.

New Orleans, Louisiana, this  9th  day of   April  , 2008.

_____
UNITED STATES DISTRICT JUDGE